UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD SIMMONS (#103371)** | **CIVIL ACTION** |
| **VERSUS** | |
| **JAMES LeBLANC, SECRETARY, ET AL.** | **NO. 12-0636-JWD-RLB** |

## O R D E R

This matter comes before the Court on the plaintiff's Motion for a Temporary Restraining Order and for Preliminary Injunctive Relief (R. Doc. 150).

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Burl Cain, Legal Programs Director Trish Foster, Ass't Warden Carl (Tim) Delaney, Major Daniel Davis, Capt. John Wells, III, Sgt. Katherine Franklin, Sgt. Nakisha Rogers, Sgt. Tawanda Russ, Sgt. Lonnien Simmons, Sgt. Adriane Porter, Sgt. Latoya Dennis and Sgt. Michael Swift, complaining that his constitutional rights have been violated by the failure of prison officials to ensure that he receives prescribed medications, by retaliation in response to his filing of administrative grievances, and by a failure to protect him from harm at the hands of a co-inmate on March 26, 2012. Pursuant to a prior Ruling in this case (R. Doc. 139), all of the plaintiff's claims have been dismissed except his claim asserted against defendant Michael Swift, in the defendant's individual capacity, of retaliation and deliberate indifference in connection with the alleged dissemination of information to other inmates, in February or March, 2012, that the plaintiff was a "snitch" or informant, resulting in the plaintiff being attacked by a co-inmate on March 26, 2012.

In the instant Motion, the plaintiff now provides a litany of complaints that are largely

unrelated to the claim and defendant remaining before the Court, including but not limited to complaints regarding an alleged unconstitutional policy regarding medical care implemented in 2007, an alleged discontinuation of the plaintiff's medication in 2010, the destruction of the plaintiff's legal materials when a toilet overflowed in his cell in 2013, an alleged refusal to provide the plaintiff with an appropriate diet in 2014, an alleged retaliatory disciplinary report and punishment issued in 2014, an attack by a co-inmate in 2014, and incidents of alleged excessive force by security officers in 2009 and 2015. The plaintiff asserts, for the most part, that these incidents have been undertaken by persons who were not named as defendants in the original Complaint in this case. The plaintiff prays for an Order compelling prison officials to stop "repeatedly (1) denying plaintiff ... adequate medical treatment ... (2) to refrain from createing repeatedly acts of ris[k] of danger to plaintiff ..., and (3) refrain from retialatory discipline and retialating against the plaintiff for utilizeing the administrative remedy procedure." *See* R. Doc. 150-1 at 1.

In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

On the record before the Court, it does not appear that the plaintiff is entitled to the relief requested. His allegations are conclusory, and his complaints, for the most part, are essentially

unrelated to the claim and to the defendant remaining before the Court in this case. Accordingly, having failed to establish the essential components of a claim for injunctive relief, the plaintiff has failed to show that such relief is warranted in this case. Accordingly, the instant motion shall be denied.

**IT IS ORDERED** that the plaintiff's Motion for a Temporary Restraining Order and for Preliminary Injunctive Relief (R. Doc. 150) be and it is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on June 1, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**